

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
JO████████████RD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable James E. Kilday
Director, Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1505
Re: May lessee of certificate
apportion rental between
interstate and intrastate
business, and pay a sum
equal to ten per cent of
the amount apportioned to
intrastate business only.

In your letter of October 17, 1939, you submit the following facts:

"Intrastate Common Carrier Motor Carrier Certificate No. 2878, owned by the H.S.A. Motor Freight Lines Inc., has been leased to the Sunset Motor Lines for the past three years for a consideration of $560.00 per month, ten per cent of said monthly payments being collected by this Department for credit to the State Highway Fund.

"We now have an application to renew said lease for a consideration of $550.00 per month, setting out that $300.00 of the monthly consideration paid for said lease shall be deemed to be paid in consideration of the Interstate rights and $250.00 thereof shall be deemed to be paid for the intrastate rights, and the lessor and lessee contend that we should collect only ten per cent of the $250.00 which they claim is the consideration paid for the intrastate operating rights.

"The instant application involves a very
small consideration, but if the practice is
followed, it will ultimately result in the loss
of an appreciable amount of revenue to the State.
The Certificate referred to is an intrastate cer-
tificate issued by the Railroad Commission of
Texas, authorising an operation between Houston
and San Antonio.

"We request an opinion from you as to
whether or not we should collect ten percent of
the monthly rental of $250.00, claimed to be the
amount paid for the intrastate operating rights,
or if we should collect ten per cent of the en-
tire consideration of $550.00."

Section 5 of Article 911b, Vernon's Annotated Texas Civil Stat-
utes, authorizes a sale, assignment, lease, or transfer of a certificate
of public convenience and necessity for motor carriers, and provides that
the "transferee shall pay to the Commission a sum of money equal to ten
per cent of the amount paid as a consideration for the transfer of the
certificate, which sum of ten per cent shall be deposited in the State
Treasury to the credit of the Highway Fund of the State. . . ."

In this opinion we assume that the certificate mentioned in your
letter is a certificate of public convenience and necessity described in
said Article, and is not a mere permit to do an interstate business on the
highways of Texas. The State has no authority to require or grant a cer-
tificate of public convenience and necessity covering interstate commerce,
but does have the power to deny the use of its highways to interstate motor
carriers, if such use would subject the highways to excessive burdens, or
endanger the safety or ordinary users of the highways.

South Carolina vs. Barnwell Bros., 303 U. S. 177
Southwestern Greyhound Line vs. Railroad Commission
        of Texas, 99 S.W. (2d) 263
Railroad Commission vs. Tipps, 130 S.W. (2d) 1078
Railroad Commission vs. Loving, 128 S.W. (2d) 845
Smith vs. Coleman, 127 S.W. (2d) 928
Winton vs. Thompson, 123 S.W. (2d) 951
McDonald vs. Thompson, 59 Sup. Ct. 176

If it be true that the certificate covers only intrastate commerce, it follows that it would be illogical to say that a portion of the rental paid represents the value of the business done in interstate commerce. Since the certificate grants no permission to do an interstate business, none of the consideration paid for leasing the certificate can be construed to be in payment of the privilege of doing an interstate business.

The rule would not be different, however, if the certificate also constitutes a permit to do an interstate business on the highways of Texas. It is unnecessary to decide here whether the payment required by the statute is an inspection fee, or a tax imposed for the use of the State highways. In either case, it is not subject to attack on the ground that it constitutes an unconstitutional burden on interstate commerce. In regard to inspection fees, see Inter-Island Steam Navigation Company vs. Territory of Hawaii, 96 Fed. (2d) 401; Potapsco Guano Co. vs. North Carolina, 171 U.S. 360; McLean vs. Denver, 203 U. S. 38; and as to a tax imposed for the use of State highways, see Aero-Mayflower Transfer Company vs. Georgia Public Service Commission, 295 U. S. 285; Continental Baking Company vs. Woodring, 286 U.S. 352; Interstate Busses Corporation vs. Blodgett, 276 U. S. 245.

If the sum required to be paid is considered an inspection fee, the total sum collected must have a rational relationship to the cost of inspection. Red C Oil Manufacturing Company vs. Board of Agriculture, 222 U. S. 380. While we are unacquainted with the facts, we assume that the total sums collected do bear such a relationship to the cost of inspection. If this be true, we can see no objection to the method adopted by the Legislature in determining the standard by which the amount of the fee is fixed. Neither can we find objection to this method if the statutory payment is construed to be a tax for the use of state highways. The value of the use of the certificate is determined by the parties themselves. They should not be heard to complain that a tax based upon a proportionate part of the value they fix is invalid unless it is confiscatory. We do not believe that ten per cent of the value placed upon the use of the certificate by the parties themselves can be held in this case to be confiscatory.

The State may impose a highway use tax or an inspection fee on vehicles operating only in interstate commerce. Aero-Mayflower Transfer Company vs. Georgia Public Service Commission, supra; McLean vs. Denver, supra. If this be true, it is also true that the State

may levy a tax or an inspection fee based partly upon interstate commerce and partly upon intrastate commerce. The greater power includes the lesser.

It is, therefore, our opinion that you should collect a sum equal to ten per cent of the total consideration paid for the lease of the certificate, or in the case described in your inquiry, ten per cent of $550.00.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Victor W. Bouldin

Victor W. Bouldin
Assistant

VWB: FG:egw

APPROVED DEC. 2, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS